# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS,<br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br>Respondent. | CV 23-2054 DSF (AYP)<br><br>ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition (Dkt. 25; "FAP"), the prior orders consolidating Petitioner's various actions (Dkt. 24, 29), the Answer (Dkt. 43), the Traverse and amendments thereof (Dkt. 47, 49, 50, 52), other relevant records on file, the January 24, 2026 Report and Recommendation of the previously assigned United States Magistrate Judge (Dkt. 55; "Report"), Petitioner's April 20, 2026 "Motion for a Request to Stay in Abeyance" and accompanying request for appointment of counsel (Dkt. 59; "Stay Motion"), which was ordered treated as Objections to the Report by the currently assigned Magistrate Judge and forwarded to the Court August 3, 2026 (Dkt. 60).

Preliminarily, to the extent Petitioner's page-and-a-half Stay Motion is considered as Objections, it provides no specific objection to any of the Report's findings and conclusions. (Dkt. 59). Accordingly, the Court need not make a de novo determination of any portion of the

Report, and the failure to object is deemed Petitioner's consent to the Report's findings of fact. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); United States v. Reyna-Tapia, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); (Dkt. 54 ("Failure to so object . . . shall be deemed a consent to any proposed findings of fact.").

Nonetheless, as stated, the Court has reviewed the relevant filings in this case to determine the Stay Motion, notably filed at this late stage of proceedings—over three years after this case was initiated, and nearly three months after the Report was issued. (Dkts. 1, 55, 59).

As discussed in the Report, Petitioner has filed numerous federal habeas petitions in this district. (Dkt. 55 at 5). He has also burdened the state courts with over 130 habeas petitions, to such an extent that the state appellate court has characterized his filing history as "an abuse of the judicial process." (*Id.* at 5 n.4.; Dkt. 44-20 at 2). While Petitioner is pro se and he is afforded liberal construction of his filings, the Court also observes that Petitioner is no stranger to habeas proceedings and their specificity requirements. See, e.g., Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003); Wilson v. Ochoa, No. CV 21-8359-PSG (JPR), 2023 WL 8153595, at *6 (C.D. Cal. Sept. 25, 2023) (noting that "[a]lthough [p]laintiff is in pro per, he is a seasoned litigator . . . and can be expected to know and understand his obligations in prosecuting a lawsuit").

Viewing Petitioner's Stay Motion under that lens, it is wholly deficient. Petitioner indicates he has two habeas petitions pending in the state superior court and an order to show cause that he needs to respond to in the state supreme court, "just to name a few," and he appears to simply request the stay so he has more time to tend to those proceedings. (Dkt. at 59). He does not explain how the petitions are

relevant to this case, or how a stay would be proper given the Report's primary conclusions that this Court lacks jurisdiction over further challenges to the judgment in his criminal case (Dkt. at 55 at 9-14), challenges to resentencing are not cognizable (*id.* at 15-16), and ineffective-assistance-of-counsel claims cannot form a basis for federal habeas relief because Petitioner has no right to counsel in post-conviction proceedings (*id.* at 17-19). Even assuming Petitioner seeks a stay to exhaust claims he wants to later raise here—which he does not make clear—he makes no attempt to explain what claims he is pursuing in state court or why they would not suffer the same lack of jurisdiction and cognizability fate addressed in the Report. The Stay Motion is insufficient and improper given the Report's conclusions. See, e.g., Becker v. Anglea, No. 219CV00013KJMGGHP, 2019 WL 3060057, at *1 (E.D. Cal. July 12, 2019) ("a federal court cannot invent a claim out of liberal construction"); Green v. Madden, No. LACV172846CASJCG, 2018 WL 1918509, at *1 (C.D. Cal. Apr. 19, 2018) (denying stay sought in objections because petitioner failed to identify any new habeas claims he wanted to exhaust in state courts); Cleveland v. Katavich, No. CV 15-5862 DOC (MRW), 2017 WL 10545075, at *4 (C.D. Cal. Oct. 24, 2017) (denying stay request, in part, because petitioner was "an experienced pro se litigant" yet cryptically and sparsely pled his claims of error).

Further, Petitioner's request for appointment of counsel in the Stay Motion is DENIED for the same reasons explained by the previously assigned Magistrate Judge when his prior request was denied. (Dkt. 8; Dkt. 59 at 2).

The Court accepts the Report and adopts it as its own findings and conclusions. Judgment shall be entered DENYING the FAP and DISMISSING this action with prejudice as stated in the Report. (Dkt. 55 at 22).

Finally, for the reasons stated in the Report and addressed in this Order, the Court finds Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Fed.

R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A Certificate of Appealability is therefore DENIED.

IT IS SO ORDERED.

Date: November 6, 2026

Dale S. Fischer
United States District Judge